UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:15-cv-08200-CAS(PLAx) | Date | November 15, 2016 |
|---|---|---|---|
| Title | THE ESTATE OF JASON HENDLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - DEFENDANT CITY OF LOS ANGELES' MOTION TO EXCLUDE EVIDENCE FROM PLAINTIFFS' EXPERT (Dkt. 51, filed October 21, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of November 21, 2016 is vacated, and the matter is hereby taken under submission.

On October 20, 2016, plaintiffs—Estate of Jason Hendley, by and through its heir at law and successor in interest, Ola Major; Ola Major, individually; and Larry Hendley—filed their original complaint asserting claims arising from an officer involved shooting of decedent Jason Henley. Dkt. 1. In their first amended complaint, plaintiffs seek to recover against the City of Los Angeles, Officers Garo Garabedian, Francisco Aceves, Michael Briano, Daniel Bunch, and Does 1–10 ("defendants"). Dkt. 23. A jury trial is scheduled to begin on February 21, 2017. See dkt. 17.

On October 21, 2016, defendant City of Los Angeles ("City") filed the instant motion requesting that the Court prohibit plaintiff's expert, Richard Bryce, from offering evidence in this case. Dkt. 51. ("Motion"). Plaintiffs did not file an opposition to the City's motion. The City filed a notice of non-receipt of any opposition on November 11, 2016. Dkt. 53.

The City asserts that plaintiffs designated Bryce as their expert on October 7, 2016.[1] Motion at 4. The City argues that the expert report attached to this designation does not comply with Federal Rule of Civil Procedure 26(a) because the report does not contain any opinions or any discussion of materials that Bryce reviewed. Id.

---

[1] October 7, 2016 was the last day to exchange expert reports. Dkt. 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:15-cv-08200-CAS(PLAx) | Date | November 15, 2016 |
|---|---|---|---|
| Title | THE ESTATE OF JASON HENDLEY ET AL. v. THE CITY OF LOS ANGELES ET AL. | | |

Accordingly, the City argues that it is unable to depose Bryce or prepare for summary judgment on the basis of this improper and incomplete expert designation.  Id.

Rule 26(a)(2)(A) requires parties to disclose the identity of any witness it intends use at trial to present expert testimony.  Fed. R. Civ. P. 26(a)(2)(B).  Rule 26(a)(2)(B) requires that this disclosure is accompanied by a written report that must contain, inter alia: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; [and] (ii) the facts or data considered by the witness in forming them[.]"  Fed. R. Civ. P. 26(a)(2)(B).  Where a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  Fed. R. Civ. P. 37(a)(3)(A).  Under Federal Rule of Civil Procedure 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "[T]he burden is on the party facing sanctions to prove harmlessness."  Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).  The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)."  Id. at 1106.

Having reviewed the plaintiffs' expert report, dkt. 51-2, the Court concludes that plaintiffs have not complied with the requirements of Rule 26(a)(2)(B) because the report does not include a statement of Bryce's opinions or any facts considered by Bryce.  Because plaintiffs have not submitted an opposition to the City's motion, plaintiffs have not met their burden of showing that their failure to comply with Rule 26(a) was substantially justified or harmless.  Accordingly, the Court **GRANTS** the City's motion and prohibits plaintiffs' expert Richard Bryce from offering evidence in this case.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |